UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LEANNE MARIE STOUGHTON, individually and as personal representative of the ESTATE OF JOSHUA RANDOLPH PETTY, deceased,

Plaintiff,

v.

CLALLAM COUNTY,

Defendant.

Case No. C08-5283RJB

ORDER DENYING DEFENDANT'S RULE 12(b)(1) MOTION TO DISMISS AND GRANTING DEFENDANT'S MOTION TO CONSOLIDATE CASES

This matter comes before the Court on Defendant's Rule 12(b)(1) Motion to Dismiss. Dkt. 4. The Court has considered the pleadings filed in support of and in opposition to the motion and the file herein.

PROCEDURAL AND FACTUAL BACKGROUND

As an initial matter, it is important to note that Plaintiff has filed two separate complaints against Defendant and both of those actions are before this Court. The actions were initially filed in Clallam County Superior Court and Defendant has removed both to federal court. As discussed below, Plaintiff asserts that multiple filings were necessary to avoid dismissal of her claims under the federal statute of limitations and under the state administrative requirements.

On March 7, 2008, Plaintiff filed a complaint in Clallam County Superior Court alleging violations of 42 U.S.C §§ 1983, 1988. *Stoughton v. Clallam County*, Western District of Washington Case No. C08-

5178RJB, Dkt. 1 at 7-11 ("First Complaint"). Plaintiff based her causes of action on injuries that arose from the death of her son, Joshua Randolph Petty, on March 10, 2005. *Id*. ¶9. On March 25, 2008, the action was removed to this Court. *Id*.

On April 22, 2008, Plaintiff filed another complaint in Clallam County Superior Court alleging violations of 42 U.S.C §§ 1983, 1988, RCW 4.20.010, .020, .046, and .060. *Stoughton v. Clallam County*, Western District of Washington Case No. C08-5283RJB, Dkt. 1 at 4-9 ("Second Complaint"). The facts in this complaint are identical to those that were set forth in the First Complaint. On May 2, 2008, this action was also removed from state court and subsequently assigned to this Court as a related case to the action explained above. *Id*.

On May 2, 2008, Defendant filed a Rule 12(b)(1) Motion to Dismiss Plaintiff's [Second] complaint. Dkt. 4. Defendant argues that Plaintiff's Second Complaint is essentially an Amended First Complaint. *Id*. at 5. Defendant states that Plaintiff had to file her First Complaint before the 3-year federal statute of limitations would have expired on March 10, 2008. *Id*. at 3-4. Plaintiff, however, was barred from asserting state law causes of action in the First Complaint due to state law provisions that require administrative claims and waiting periods before an action can commence against the state. *Id*. at 4-5. Defendant essentially argues that Plaintiff attempted to comply with the federal statute of limitations by filing the First Complaint and then attempted to comply with the mandatory state waiting period by filing the Second Complaint, which included identical federal claims and newly asserted state law claims. *Id*.

On May 21, 2008, Plaintiff responded. Dkt. 9. On May 30, Defendant replied. Dkt. 12. This motion is now ripe for decision.

## DISCUSSION

Defendant has moved the Court to dismiss Plaintiff's Second Complaint in its entirety. Dkt. 4 at 7. Defendant argues that the federal claims in Plaintiff's Second Complaint are improperly before the Court because the claims are identical to those that are raised in Plaintiff's First Complaint. *Id*. at 1. Defendant also argues that Plaintiff's state law claims should be dismissed because of Plaintiff's failure to comply with state administrative procedures and Plaintiff's failure to comply with certain state law provisions at the time of filing the First Complaint. *Id*.

In the alternative, Defendant asks that the Court dismiss the federal claims in Plaintiff's Second Complaint and then consolidate the two actions before the Court. *Id*. at 7. The Court has subject-matter jurisdiction over the action because of the federal claims asserted in the Second Complaint. *See* Second Complaint. Therefore, the Court should deny Defendant's Rule 12(b)(1) Motion to Dismiss Plaintiff's [Second] complaint.

Under Fed. R. Civ. Pro. 42, if actions before the court involve common questions of law or fact, the court may consolidate the actions. Fed. R. Civ. Pro. 42(a)(2). The two actions before this Court involve common questions of law and common questions of fact. Therefore, the Court should grant Defendant's Motion to Consolidate these actions.

Finally, the Court will entertain a motion to strike redundant material should the circumstances warrant that, and, if any claims are not timely, the Court will also consider appropriate motions on that subject.

ORDER

Therefore, it is hereby

**ORDERED** that Defendant's Rule 12(b)(1) Motion to Dismiss (Dkt. 4) is **DENIED**. Defendant's Motion to Consolidate action C08-5178RJB and action C08-5283RJB is **GRANTED**. All further documents regarding these cases shall be filed in *Stoughton v. Clallam County*, Western District of Washington Case No. C08-5178RJB.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 2nd day of June, 2008.

/s/ Robert J Bryan
Robert J Bryan
United States District Judge